## FRANK FITZPATRICK V. THE STATE.

No. 16367.   Delivered February 21, 1934.
Rehearing Denied March 14, 1934.
Reported in 69 S. W. (2d) 81.

The opinion states the case.

*E. T. McCain,* of Palestine, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of possessing intoxicating liquor for the purpose of sale, and his punishment assessed at confinement in the state penitentiary for a term of one year.

The testimony adduced upon the trial is in substance as follows:  On forenoon of the 11th day of February, 1933, the officers by virtue of a search warrant, searched the defendant's place of business and found three pints of liquor.  On the same day in the afternoon they procured another search warrant and

again searched the defendant's place of business and found two gallons of liquor in the possession of the defendant. The appellant testified in his own behalf admitting the two searches of his place of business by the officers and that the officers found three pints of whisky in his place of business in the forenoon and that when they searched his place of business in the afternoon they found two gallons of whisky, but he contended that he had the liquor for beverage purposes and for his personal use and not for sale. The officers testified to procuring the search warrants and searching the appellant's place of business and of the finding of the liquor. They further testified that at the time they found the liquor in the defendant's place of business the defendant said he didn't know whose liquor it was or how it came there.

The appellant's only contention is that the evidence is insufficient to support the conviction. Article 671, P. C., provides that "proof of possession of more than one quart of intoxicating liquor shall be prima facie evidence of guilt, but the defendant shall have the right to introduce evidence showing the legality of such possession." This raised the issue of whether appellant had the whisky for his own use and for beverage purposes, or whether he had it for sale. The issue was submitted to the jury under appropriate instructions and the jury found against appellant's contentions. The findings of a jury on a disputed issue is binding on this court.

Finding no reversible error, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant urges the insufficience of the testimony, in his motion for rehearing. The facts have been again reviewed. Officers, with a search warrant, searched appellant's place of business in the morning and found three pints of whisky. They searched it again that afternoon, and on this occasion found two gallons of whisky. Appellant stated in the morning that he did not know the whisky then found was in his place, and that he had nothing to do with it. He made the same statement as to the whisky found therein in the afternoon. It was in testimony that he had been tried for possession of whisky found in his place at a former date, and that on said occasion he also said that he did not put the whisky there and

knew nothing about it. On the trial hereof appellant took the witness stand and testified that the whisky found at his place in the morning, and that found there in the afternoon, was his whisky, and that he had it for purely beverage purposes. On cross-examination he admitted that he had made the statements above referred to when the whisky was found. The jury did not have to accept appellant's testimony as true. Appellant had more whisky than was required by our statute to make out a prima facie case against him of possession for purposes of sale. He introduced no witnesses, except himself. We think the testimony amply sufficient.

The motion for rehearing will be overruled.

*Overruled.*